The next case today is John Doe et al versus Laurie Shibinette, appeal number 21-1058. Attorney Garland, please introduce yourself for the record and proceed with your argument. Thank you. Thank you, Your Honor. My name is Sam Garland on behalf of the appellant Laurie Shibinette, and Judge Lynch, with your permission, I'd like to reserve one minute for rebuttal. Yes, you may have it. Thank you. When he was a judge in the D.C. Circuit, Chief Justice Roberts famously observed that if it is not necessary to decide more, it is necessary not to decide more. In light of the New Hampshire Supreme Court's decision in Jane Doe v. Shibinette, there is nothing more to decide in this case. The Jane Doe decision definitively resolved the remaining legal questions as a matter of state law. In their amended complaint, the class action plaintiffs seek to require the state to provide probable cause hearings within three days of the that was required under state law. In their amended complaint, the intervener hospitals seek to require the state to immediately transport persons who are subject to involuntary emergency admissions from private hospital emergency rooms to state-regulated facilities upon the completion of the certificate. Again, the New Hampshire Supreme Court said that's required as a matter of state law. There is, in other words, no longer a legal question presented in the claims against the Commissioner that the New Hampshire Supreme Court has not already resolved as a matter of state law. There has been this intervening event since you took your interlocutory appeal from the denial of 11th Amendment immunity, and we do need to sort through the consequences of that. I'm having some trouble with the mootness label because the two groups of plaintiffs actually have different types of claims, and yet each of them say, well, the habeas decision in an all of the violations are ongoing, and the clarification you say happened in the hospital's case, they say it's not at all so clear that your assertion is right. So let's start with the class plaintiffs. They argue vigorously. There's nothing moot yet. The state has not actually done anything other than make some vague pronouncements about intentions to comply with the New Hampshire Supreme Court decision, but no definite plan has yet evolved. The hospitals also say no definite plan has evolved, and that it continues to be true that a number of people are not getting the hearings within 36 hours, and the hospitals say, and it is even more true that the people are not being moved to state facilities within 36 hours. Okay, so let me go back. The plaintiffs' class claims are procedural due process claims, okay, and so let's just put mootness aside for a minute. There now seems to be a situation where the state has said, look, as a matter of state law, we recognize there is a violation. It's not clear to me what the remedy is other than bringing habeas proceedings for continuing violations of that state law, but that then puts the procedural due process claim in a different position than when the case came to us. Okay, let me turn to the hospitals' claim. Theirs is not really a procedural due process claim. It is a takings claim and a Fourth Amendment claim, and those are subject to different rules, and as to the takings claim, they say the takings continue. There is no plan, and we now know under, what is it, the Heck case, that the takings claim is ripe for federal adjudication as of the time of the taking, and they assert that takings continue on almost a daily basis. All right, so let's assume hypothetically that we don't actually think the case is moot at this point. So as to the two different groups of plaintiffs and the two different types of claims that are being made, what does the state actually want us to do? And in answering that, it does seem to me that the state has sort of waffled on whether it wants this court to address the Eleventh Amendment claim, but at least as to the hospitals, that would seem to be something that could be resolved by our court and move this case along. So, in fairness, that's how I'm now thinking about the case, and I would appreciate your response. Thank you, Judge Lynch, and so I will try to break my response down in kind to the component parts that you identified. To answer your first question, what do we want the court to do? I want to make very clear that our mootness argument is not a voluntary cessation argument. It is basically, if you were to draw a Venn diagram around the claims for relief, the theories that support them, and the request for relief, and the complaints, and what the New Hampshire Supreme Court said, it's a circle. And so it's a question of law, and that's our position. If this court thinks there are factual circumstances that bear on determining mootness, then I think the answer is to remand it to the district court to resolve those factual questions in the first instance, and we're not asking this court to do that. What I would say about, and I'll start with the class plaintiff's claims, is that what I anticipate you're going to hear today is in large part what you just identified in response to our mootness argument. Well, not surprising, because it's in their briefs full force. Exactly, Your Honor, and I guess one caveat before I get to that. We have framed this as mootness. I think that's the correct framing to the extent there's no effectual relief that a district court could order on the pleadings as they currently stand. It may be more of a prudential constitutional avoidance concern, and I've done a fair amount of research trying to figure out the overlap between those two doctrines without a satisfying answer. But certainly courts have, and this court has, and I think it's reflected basically in court size, it can decline and direct the dismissal of claims if they basically are unnecessary constitutional claims. So with that caveat, going to the plaintiff's claims, I think a lot of what you identified and what a lot of what you're going to hear today are basically factual circumstances that reflect an entirely different cause of action from the one that currently exists. So the cause of action as it was brought was that there was a widespread pervasive violation of due process rights because the state was not providing hearings within three days. Then after days or weeks, folks were getting in front of circuit court judges, and they were not dismissing things on timeliness grounds. And so people really had no mechanism to get out. We said that was a state law claim. They sort of morphed it into, well, if you're reading... Believe me, the panel has spent a great deal of time on this case. We know exactly what the Let me get more to the point on the procedural due process claim. Are we now in a Zinnerman situation where we do have the state for the first time saying we do have a state law that if it's not... Although this is a harder argument to make, there is a post deprivation remedy available. But when it's a sort of extended involuntary commitment, it may be a little hard to see how there's a post deprivation remedy of damages. So we may have a Zinnerman situation as to the procedural due process claim. Not that the cause of action has changed, but that the landscape against which the cause of action is asserted has changed. The hospital's claim is very different. It is not a procedural due process claim. It is a takings claim. Yes, I was about to invite Judge Barron to make... Before you get to the takings thing, just to wrap up on the line of questioning that Judge Lynch is framing for you about the procedural due process claim. Although the cause of action in one sense is the same, it's a section 1983 claim based on the due process clause. I take it your mootness argument is in a sense tracking the logic of the way Judge Lynch described the case, because you'd say it's the same cause of action, but the claim is necessarily different now. The only claim that was brought pre the decision by the New Hampshire Supreme Court was a claim for pre deprivation process that was not being provided. New Hampshire didn't think it had to provide it. That claim is moot because they got what they wanted. There is not that requirement. If they now seek a procedural due process claim for post deprivation relief for claim systematic violations of that, that is a different procedural due process claim. In that sense, it's the same cause of action, but since it's a different claim, the claim that was brought earlier is in fact mooted with respect to procedural due process. Is that how you understand it? Yes, Judge Barron, and if I could just add a little bit more to that. One of the large reasons that we think it is mooted is that the system, it's like turning a battleship. I'm not going to come here and say that the system is acting completely consistently with the Jane Doe decision, but our understanding is short of the pervasive and widespread alleged violations before. The majority of folks are receiving their hearings in three days. For those who aren't, we understand that many of them are receiving hearings on day four, day five, where the circuit court is dismissing the petition. At minimum, the new version of the procedural process claim post the New Hampshire Supreme Court, what is the relief they're now seeking? Your Honor, I don't see that in this complaint. That's why there's an argument that it's mooted because you could bring a new one, which would be under Zinerman, and it would be for post deprivation relief, but that clearly wasn't pled because at the time, they thought they weren't getting the pre-deprivation relief, which is what they wanted, but now they've gotten that. That doesn't mean they don't have a procedural due process injury potentially. It's just that the remedy for that would be a claim for post deprivation relief. That's not pled. Exactly, Your Honor, and I if I may jump back in at this point, here's my problem. They say, regardless of the decision by the New Hampshire Supreme Court, the pre-deprivation injury continues. It may be that they will have some post deprivation amended complaint type allegations. You have just made assertions to us about the facts on the ground. They are different from the assertions that were contained in the reply briefs, but those were filed a while ago. Your opening argument was, send it back to the district court to address what you now say is a different type of mootness argument caused by changed circumstances. That would seem to me to have several components, including whether it is true or not, that there continue to be significant procedural due process violations, just as plaintiffs have alleged. So, are you now saying, oh no, don't send it back to the district court. You should now declare, based on representations by counsel, that the case is moot? No, Your Honor. Counsel, that's time. No, we're going to take our time and work through this. Understood. So, I don't think you need to send it back to the district court, largely for the reasons that Judge Barron said, and if I kind of conflated that point at the outset, I apologize. I do think that the claim as pled and the relief as sought is resolved by the New Hampshire Supreme Court's decision, and you can direct dismissal as moot of that claim. To the extent there are questions about the scope or scale of the facts on the ground that give you pause doing that, and we don't think they should, frankly. I think we think that if you compare the complaint with the Supreme Court's decision, that's it, and anything that's flown from that is a new lawsuit flowed from that, then I suppose that should go to the district court. I'm not asking you to resolve that in the first place. Okay. Now, we're going to hear from your opponents on this. Before we have you run out of your time, do you want to say a few things about the takings claim? Before you do, I just wanted to wrap up one last piece on the due process question, which is there is a peculiarity here, which is that the New Hampshire Supreme Court ruling came down in a case in which these parties are not parties, correct? Yes, your honor. So, how does that figure into mootness? Because it seems to me that in a sense, since there's no judgment that they've received yet, there's no way to avoid the mootness issue being a voluntary cessation contention, because what you're just saying is you're going to comply with this order in another case, therefore it's over. Now, maybe that's good enough, but I don't see how we can have it be otherwise when there's no judgment running in favor of these parties. Now, maybe it's the equivalent of if a statute had just been passed, you just point to the statute, we just take judicial notice of that, and that moots it, but I don't really know how to think through that piece of it. Your honor, I have a couple of responses to that, if I may. I think my first response, I haven't thought of it in that context, but perhaps that's a good analogy, that the state of the law as a matter of law is fundamentally different. We now know that the previous construction by the commissioner of this statute was wrong, and that it operates in a different way as a matter of law. The plaintiffs have made an argument that is close to that, but it's basically that no one is bound by the Supreme Court's decision except for the parties. I would resist that. I think when a high court in a state issues a declaration as to how state law works, regardless of how it gets there, it is a binding declaration. It's binding on the commissioner. It's binding on all three branches. Counsel, yes, but the matters on the ground may be a little different than the argument you're presenting. How state law works in theory and how it works in practice are probably two different things, counsel. So please take a few minutes on the takings clause before we hear your opponent's The takings claim, admittedly, is a more difficult one from a mootness standpoint. I still think that our argument works, but I appreciate that the theory hasn't evolved in the same way that Does the New Hampshire Supreme Court decision do anything to suggest that there's a mechanism for compensating the hospitals for the involuntary boarding of these patients that they're doing while the state is trying to get VRFs up and running? So I think you've hit on the point I wanted to make, Judge Celia. To directly answer your question, no, but I don't think it had to. It's established as a matter of New Hampshire law and of federal law, for that matter, that just compensation is a remedy that's available for a takings claim. But notably, that's not a remedy that's sought in this case. We have a very specific request for an injunctive relief that I think is subsumed as I read the New Hampshire Supreme Court decision. The answer you're giving now isn't an answer that is affected one way or the other by what the New Hampshire Supreme Court did. So that's just a merits point. That's not a mootness point. I disagree, Judge Barron. The point I'm trying to make is that there may well have been a time, and we dispute this on 11th Amendment grounds, but there may well have been a time prior to the New Hampshire Supreme Court decision that there could be some injunction to remedy the taking claim that federal court could issue. We think that would have to be a fairly specific injunction that did not run afoul of Ex parte Young, but perhaps that was possible. I'm having a very hard time now thinking of what that injunction would be that wouldn't be entirely superfluous in light of the Supreme Court saying, you're required to get them out of there. I mean, that- No, I'm sorry. What is the precise mechanism for which the hospitals are to be compensated, assuming there is an unconstitutional taking? Nothing in the Supreme Court's Doe decision establishes one. Nothing in the governor's pronouncement establishes one. Nothing in the commissioner's statement establishes one. Are you just saying, well, gosh, they have a common law right that they can pursue? I would say, Your Honor, two things to that. To the last portion of the question, they have a constitutional right that they could pursue. It's the one they're pursuing, but they're not seeking just compensation as the remedy, and that's the first point. The second is- Excuse me. Because they say that state law gave them nothing, so they want a system set up. That's why they wanted injunctive relief to start with. I'm sorry, Judge Barron? Well, I guess if I'm understanding, you're saying the peculiarity in the case that makes there a potential mootness issue is that since they never sought compensation as the remedy, what they sought was an injunction to remove people. Maybe that injunction had some force as a takings claim at a time when New Hampshire itself was saying, we don't have to remove them because you don't have any right. After the New Hampshire Supreme Court case comes down, whatever claim for the injunctive relief on the takings claim is now just a mirror of the same issue we just discussed with due process, which is now it's a different type of request for injunction because you can't be complaining now that the reason I should get that injunctive relief is because they don't think they have any obligation to remove. Now you'd have to be saying, I get that injunctive relief because even though they conceive they have the obligation, they're systematically not following it. That's just a different takings claim, so in that sense, it's a version of the same point you made with the due process point. Is that the idea? That's exactly right, Judge Barron. To go to Judge Lynch's point about compensation, there are probably ways if the hospitals were to bring a takings claim seeking it that we could figure that out. Excuse me, but don't we have to give them a chance to amend their complaints in the district court in light of the changed circumstances in this case? And why wouldn't one remand these issues, including whether amendment of the complaints in both sets of plaintiffs is something that they should be given the opportunity to do in light of these alteration of circumstances? Your Honor, I acknowledge that that's almost certainly, I haven't researched it, but almost certainly within your discretion to do, and so that may well be a way to get this back in front of the district judge. Even if they amend the complaint, we then still face the question of whether the other claim is moot. In other words, there's no avoiding the question of the claim that has been pled is moot or not. That has to be resolved. It's a jurisdictional question and we can resolve it, the district court can resolve it, but somewhere along the line before judgment, somebody's going to have to decide whether that claim is moot. I agree, Judge Barron, and that's why I think you can resolve it as a matter of law, and I think I would ask that you do that. All right, well, we'll hear from your opponents now. Thank you. Thank you, counsel. Attorney Garland, please mute your audio and video. Attorney Curtis, please unmute your audio and video and introduce yourself for the record and proceed with your argument. Good afternoon, and may it please the court. My name is Aaron Curtis, and I represent the class plaintiffs in this case. I'd like to make two basic points this morning. First, this case is not moved by any stretch of the imagination, and second, the commissioner's standing defenses are completely baseless and should be rejected here. I'll begin by addressing the commissioner's mootness argument. This case is not moot because the Jane Doe decision did not provide the relief we're seeking under the 14th amendment. First, the class plaintiffs haven't received any injunctive relief here, and the remedies available under state law are insufficient. As Judge Lynch mentioned earlier, the Jane Doe decision merely provided habeas relief to a there are two ways in which individual patients in other cases can seek relief. Suppose at the time you sued, the Jane Doe decision had already been decided. Would your claim be the same, or would it be different? Yes, our claim would be the same, Judge Barron. But how would that look? You couldn't be asking for pre-deprivation relief because under New Hampshire law, it's already been given. So wouldn't you have to be asking for post-deprivation relief under Zinerman for a failure to comply with the state law? We would be. I mean, our entire theory of this case has essentially been that the plaintiff, that the commissioner, has simply failed to provide the due process that is required. I know that that's at too high a level of abstraction for what's actually happening, what I'm trying to figure out. One version of a procedural due process claim is that I am seeking a process the state is not providing, and that process would be a procedural hearing. If state law gives you the right to the hearing, you still might object if the state is in fact not giving you the hearing. But that claim under Zinerman can't be just, I didn't get one. It's got to be a showing that there was a systematic failure to do it such that I then need post-deprivation relief with a failure to provide that pre-deprivation relief effectively. In other words, their violation of state law has to now be remedied in some form. I don't know what the form would be at that point. But that's just a very different argument than you pled, which I understood to be quite understandably given that New Hampshire hadn't decided the question, that New Hampshire law does not now provide us the right to a hearing. It must. But that question would have been mooted at the time of suit if the New Hampshire Supreme Court had already decided you had that right. So how is it not mooted now that they've decided it? That's what I'm not understanding. Judge Barron, that's a great question because actually our position from the beginning of this case has always been that New Hampshire law provided the hearing within three days of the IAEA certificate being completed. And so we have always alleged that they were required to provide that relief under state law and that the commissioner was simply refusing and failing to provide the relief that she was... The commissioner has now said that you're right. Yes. That New Hampshire law does provide that. So let's not change the course of because the relief that's available under state law is simply insufficient to actually protect people's constitutional rights. I'm not suggesting you don't have a federal cause of action. I asked whether it changed the cause of action. Because now instead of saying New Hampshire is refusing to interpret its own law in a manner consistent with due process, you now want to interpret it in a manner consistent with due process. It is not carrying out its obligations. Four minutes. It's due process. Judge Selye, I take your point that if you think we need to amend our complaint to better allege our cause of action here, we would be more than happy to have you remand the case on that basis and give us that opportunity to amend. But I think that our theory from all along has been that the commissioner... On that point, maybe nothing turns on how we if you're happy to amend it, state the claim that Judge Selye just described. And if that's the only claim you think you're really bringing down, then whether we move the claim you brought so that you then refile that claim, or whether you amend a complaint to add that claim and then dismiss voluntarily the one that you no longer are asserting, doesn't really matter, does it? It does, Your Honor, because I think the fact of the matter is that we actually have alleged a proper claim that is not moved at this point because... Is it the claim that Judge Selye just described? Is that the only one? Our claim is that the... No, just answer the question the way I put it. It'll help me. Is the claim you're now bringing the one Judge Selye just described? For the most part, yes, but we haven't just simply alleged that the commissioner is failing to provide hearings within three days. We've also alleged that she has failed to provide any procedural due process to people who are involuntarily detained in emergency rooms. And we think that that is a requirement of federal constitutional law that is separate and distinct from what state law requires. And so, for example, she's not providing any notice to people of their rights in emergency rooms. I guess what I'm saying is when you said that you... In other words, there's pieces of state law that you think the New Hampshire Supreme Court did not hold you are entitled to, that you contend you were entitled to, that New Hampshire is still disputing whether you have that entitlement? That's correct, yes. Okay. The New Hampshire Supreme... I see that. Okay. Okay. Yeah, the New Hampshire Supreme Court did not weigh in at all on the question of when counsel is required, when people need to receive notice of their procedural due process rights, what types of hearings are an appropriate way of adjudicating people's rights under state or federal law. These are all open questions that we have alleged in our complaint as procedural due process shortcomings that the commissioner has failed to provide to people. She's provided no due process whatsoever as long as people are detained in emergency rooms. And the only relief that's available to them is that they can file a habeas petition, or they can file... Or they can request to be released once they're finally given their probable cause hearing. But if someone's held in an emergency room for 14 days before their probable cause hearing, the constitutional harm has already been done. And the commissioner has not addressed that and has not... And the relief that is available under state law is not sufficient for them because they still have been detained and their constitutional rights have been violated. Ironically, if that point holds up, that might suggest at least a portion of your procedural due process claim has changed by virtue of what... But not all of it. But ironically, the portion that's changed is the only portion that would seem relevant to the takings claim. Well, why is the takings claim moot then? Well, we haven't taken a position on whether the takings claim is moot or not because... I said the wrong person. I got it. Yeah. Yeah, that's fine. That's why you weren't having a problem saying that. Yes. So, Mr. Curtis, it may be time for you to hand the baton over to counsel for the hospitals. I'd be happy to do that. And we would encourage you, before I do so, just to affirm the district court's decisions on sovereign immunity and standing, and also remind you to not dismiss this case on mootness grounds. Thank you for your time. Thank you. Thank you. Attorney Curtis, please mute your audio and video. Attorney Ramsdell, please unmute your audio and video, introduce yourself for the record, and proceed with your and its member hospitals. And I will attempt to drop the baton that's been handed to me. This case is not moot. Jane Doe did not afford the hospitals any relief. They were not parties to the Jane Doe case. All the Jane Doe case did, frankly, with regard to the hospital's case, was it clarified state law in a manner that the hospitals have contended for years. Certainly, in court, since this case was filed, but even before that, trying to persuade the state of New Hampshire, that having people who are members of the state mental health system, and in custody of the state of New Hampshire because of it, did not belong in hospital emergency departments. The law has always been that they're supposed to be, whether you use the word that the state Supreme Court used contemporaneously, moved from the hospitals to a state facility. The result is the same. And that's not, as the state has attempted to paint the hospital's claim, they say that that's really the only claim that the hospital has as part of or unreasonable seizure. That's not true. As we point out in our brief, even if that immediately or contemporaneously word did not appear in one of the statutes, the hospitals would still have a claim. And while we'll concede that since the Jane Doe decision came out, the state has taken action, and the waitlist has been reduced, the state cannot claim that they've ended the problem. I can tell you that, as you've seen in our pleadings, we identified the number of people on the state's waitlist on the days that are mentioned in the pleadings. In the last two days, the waitlist has shown that there were today 19 adults in 10 hospitals, and two days ago there were 14 adults in nine hospitals. Since you're seeking an injunction, and maybe this would be true even for the just compensation claim, given the word just, wouldn't it seem that the takings analysis might necessarily be different if the reason you're forced to hold someone is because New Hampshire takes the position that it has a legal right to make you, versus the reason that you have to hold someone is because although they have no legal right to make you do it, they have been unable administratively to get to it. That just seems like it's not that it's not one is taking things, one is not taking it, both would be taking things, but they seem to be predicated on very different assertions about what the Constitution requires under the Fifth Amendment, and therefore it just seems to me that maybe the right way to think about it is it's a new claim now, it just can't be the same claim. I think it is the same claim, your honor, I think it remains. I know you do, but why give it what I just said. I think what you're describing is the state's argument against the taking claim, and how they would change their argument, but as far as the hospital's claim, it has remained the same from the outset. If Doe had been decided before you filed your takings claim. Three minutes. You couldn't be making the argument that you have a right to the injunction because they are imposing this on you, on them, understanding that they have a legal right under state law to do so. You'd have to be making an argument that they're doing it negligently, or for administrative convenience, even though they don't have a legal right to do so under state law. Wouldn't that bear on the takings clause issue? No, your honor, because the crux of the complaint is that the commissioner's practice and policies and management of the system violates those same state statutes. That's why what you're describing is really more the state's response trying to evolve over time, as we've seen in the pleadings that's happened, than it is the hospital's own claim. Counsel, I think what you're saying is the Doe case did not resolve the various claims that you are asserting as part of your takings claim. That first, it was a habeas case. Second, judgment didn't run in your favor. Third, actually, I might know whatever they said might be viewed as dicta, as opposed to a holding in the case. And that even if Doe had been decided before you brought your claims, you would still be asserting these claims. Now, the counsel for the plaintiff class did an explanation of what other aspects of the procedural due process claims were unaffected, having to do with notice, right to counsel, guidelines, that sort of thing. Do you have a similar argument as to the type of takings claims that you are making? Is there some kind of differentiation? Are there some facts here? So I'm throwing the ball back to you to help us understand this case. I don't believe there's any additional finding that is necessary under the takings claim or under our Fourth Amendment claim. I don't believe there's really a factual dispute. The state does not contest that what the hospital has alleged as facts are accurate, nor has the state contested that today there still remain people being boarded in hospital emergency rooms in violation, certainly in violation of the Doe decision and the state statutes. But that means it's also that's time. Your position, counsel, as I understand it, boils down to our claim is the same claim that it's been all along. The Doe decision changes the state's defense to our claim, but it doesn't alter our claim. That is correct, your honor. Okay. Okay, that's very helpful. Thank you. And is there anything else that you would like to say to us before we give your opponent his rebuttal time? Yeah, I would just say in closing that the case cannot be moved as long as the hospitals have no remedy. There is no consent decree. There's no injunction. There's no declaration that the hospitals can enforce through a court at this point. And so it just can't be that the claims are moved. Okay. Thank you. Thank you. Thank you, counsel. Attorney Ramsdell, please mute your audio and video. Attorney Garland, please unmute your audio and video. Judge Lynch, with your permission, Attorney Garland may proceed with his one minute of rebuttal. Yes, proceed, please. Thank you, Judge Lynch. Just two very brief points. First, I would dispute the notion that the New Hampshire Supreme Court has not addressed some of these ancillary due process questions. I tried to find pin sites in the interim, and unfortunately, I don't have them for you. But I do recall, and I'm willing to represent, that I think they have addressed when those are supposed to happen. Excuse me, counsel. We will read the decision ourselves. Your representations about what it says really is not the issue. What else do you have to say? Understood, Your Honor. Thank you. I would just close with just kind of a thought exercise. If this case were brought in state court on the amended complaints we currently have, where there was no 11th Amendment bar to the state law claims, the Superior Court agreed with the statutory construction, it went up to the New Hampshire Supreme Court, there is no Superior Court that's going to go back and say, well, I'm still going to reach the federal claims. And that's really the full scope of the federal claims, or of the theory underpinning the federal claims here, and the relief sought in this lawsuit that had been definitively resolved by the New Hampshire Supreme Court. Thank you. Okay. Thank you. Thank you very much. That concludes arguments for today, Your Honor.